UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD           :       Master File No. 99-md-1278
ANTITRUST LITIGATION     :       MDL No. 1278

THIS DOCUMENT RELATES TO:   :       Honorable Nancy G. Edmunds
ALL ACTIONS                :
                            :
_____/

## CASE MANAGEMENT ORDER NO. 1

This Court having received the transfer order of the Judicial Panel on Multidistrict

Litigation dated June 11, 1999, In re: Cardizem CD Antitrust Litigation, MDL-1278; and

Having conducted a pretrial conference with counsel for the parties in this

multidistrict litigation pursuant to Rule 16, Federal Rules of Civil Procedure; and

Having reviewed the submissions and heard the arguments of counsel for the

parties with regard to the coordination of pretrial proceedings and the efficient

management of this multidistrict litigation,

IT IS HEREBY ORDERED as follows:

I.

COORDINATION OF ACTIONS

1.     All actions that have been or will be transferred to this Court by the

Judicial Panel for Multidistrict Litigation pursuant to any transfer order in MDL Docket

No. 1278 are hereby coordinated for pretrial purposes. Those actions listed on

Schedule A, and all actions subsequently transferred to this Court brought by one or

more indirect purchasers under state antitrust law, shall be collectively referred to as

the "State law cases."  Those actions listed on Schedule B, and all actions

subsequently transferred to this Court brought by one or more direct purchasers under

federal antitrust law, shall be collectively referred to as the "Sherman Act cases."

Those Sherman Act cases that have been filed as class actions shall be collectively

referred to as the "Sherman Act class cases," and all other Sherman Act cases shall be

referred to as the "Sherman Act individual cases."

2.     This Order is made without prejudice to the right of any party to apply for a

severance of any claim or action.

3.     No action taken hereunder shall have the effect of making any person,

firm or corporation a party to any action in which he, she or it has not been named,

served or added as such in accordance with the Federal Rules of Civil Procedure.

II.

## MASTER DOCKET AND SEPARATE ACTION DOCKETS

4.     A Master Docket is hereby established for the pretrial proceedings in

these coordinated actions and in all other actions filed in or transferred to this Court and

coordinated herewith for pretrial purposes.  Entries in the Master Docket shall be

applicable to these coordinated actions as more fully set forth below.  Separate dockets

shall also be maintained for each action, and entries shall be made therein in

accordance with the regular procedures of the Clerk of this Court, except as modified by

this Order or a future Order of this Court.

III.

## MASTER FILE AND SEPARATE FILES

5.      A Master File is hereby established for the pretrial proceedings in these coordinated actions.  The Master File shall be Master File No. 99-md-1278.  The original of this Order shall be filed by the Clerk in the Master File.  The Clerk shall maintain a separate file for each action and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Court shall serve:  Elwood S. Simon & Associates, P.C.; Lowey, Dannenberg, Bemporad & Selinger, P.C.; Berman, DeValerio, Pease & Tabacco, P.C.; Boise & Schiller, L.L.P.; Garwin, Bronzaft, Gerstein & Fisher, L.L.P.; Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A.; Shook, Hardy & Bacon, L.L.P.; Dykema Gossett, P.L.L.C.; Solomon, Zauderer, Ellenhorn, Frischer & Sharp; and Honigman, Miller, Schwartz and Cohen.  Elwood Simon & Associates, P.C. will forward true copies of this Order to all other plaintiffs' counsel.

IV.

## NEWLY FILED OR TRANSFERRED ACTIONS

6.      When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

      a.      Make an appropriate entry in the Master Docket.

      b.      Mail a copy of this Order to the attorney(s) for the plaintiffs in the newly filed or transferred cases.

c.      Upon the first appearance of any new defendant(s), mail to the

attorney(s) for the defendant(s) in such newly filed or transferred

case a copy of this Order.

V.

## APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

7.      This Order shall apply to each case subsequently filed in or transferred to

this Court, alleging claims similar to those set forth in these actions, unless a party

serves an application for relief from this Order or from any of its provisions within twenty

(20) days after the date on which the Clerk mails a copy of this Order to counsel for that

party.

VI.

## CAPTIONS OF CASES

8.      Every pleading filed in these coordinated actions, or in any separate

action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CARDIZEM CD<br>ANTITRUST LITIGATION | MASTER FILE NO. 99-md-1278<br>MDL NO. 1278 |
| THIS DOCUMENT RELATES TO: | Honorable Nancy G. Edmunds |

_____
-------------------------------------------------/

9.   When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:" in the caption.  When a pleading is intended to be applicable only to some, but not all, of such actions, the party filing the pleading shall indicate the actions to which the pleading is intended to be applicable by docket number.

## VII.

### FILING AND DOCKETING

10.   When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed, nor docket entries made.

11.   When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the coordinated actions, the Clerk shall file the original of such paper in the file of each specific action to which the paper is intended to be applicable.

## VIII.

### ORGANIZATION OF COUNSEL

12.   The Court designates the following to act on behalf of all plaintiffs in the State law cases, with the responsibilities hereinafter described.  These designees are not authorized to act on behalf of plaintiffs in the Sherman Act cases.

a.   As Co-Lead Counsel

Lowey Dannenberg Bemporad & Selinger, P.C.

Berman, DeValerio, Pease & Tabacco, P.C.

b.     As Members of the Executive Committee:

Beasley, Wilson, Allen, Crow & Methvin
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Elwood S. Simon & Associates, P.C.
Goodkind, Labaton, Rudolf & Sucharow, L.L.P.
Law Offices of Gordon Ball, Esq.
Lockridge Grindal Nauen & Holstein, P.L.L.P.
Miller Faucher Cafferty & Wexler, L.L.P.
Milberg Weiss Bershad Hynes & Lerach
Zwerling, Schachter & Zwerling, L.L.P.

13.    The Court designates the following to act on behalf of all plaintiffs in the

Sherman Act class cases, with the responsibilities hereinafter described.  These

designees are not authorized to act on behalf of plaintiffs in the Sherman Act individual

cases or on behalf of plaintiffs in the State law cases, but (Co-)Lead Counsel in the

Sherman Act class cases shall act as coordinating lead counsel for procedural

purposes in the Sherman Act individual cases.

a.     As Lead or Co-Lead Counsel:

Boies & Schiller, LLP
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.

b.     As Members of the Executive Committee:

Boies & Schiller, LLP
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
Berger & Montague, P.C.
Calvin, Richardson & Verner

14.    (Co-)Lead Counsel shall have sole authority over the following matters on

behalf of all plaintiffs in their respective cases (as set forth in paragraphs 12 and 13

above):  (a) the initiation, response, scheduling, briefing and argument of all motions;

(b) the scope, order and conduct of all discovery proceedings; (c) such work

assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention

of experts; (e) designation of which attorneys may appear at hearings and conferences

with the Court; (f) the timing and substance of any settlement negotiations with

defendants; and (g) other matters concerning the prosecution or resolution of their

respective cases.

15.    No motion shall be initiated or filed on behalf of any plaintiff in the State

law cases or the Sherman Act class cases except through (Co-)Lead Counsel in those

cases.

16.    (Co-)Lead Counsel shall have sole authority to communicate with

defendants' counsel and the Court on behalf of all plaintiffs in their respective cases (as

set forth in paragraphs 12 and 13 above), unless that authority is expressly delegated

to other counsel.  Defendants' counsel may rely on all agreements made with (Co-)

Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel in

those cases.

17.    Plaintiffs' counsel in each coordinated individual (non-class) action shall

be responsible for the substantive conduct of his or her own case.  However, counsel in

such individual case or cases shall confer among themselves and with (Co-)Lead

Counsel in both the State law cases and the Sherman Act cases to coordinate the

procedural conduct of their cases with the conduct of all other coordinated cases,

including the formulation of discovery requests, notices and the taking of depositions,

pleadings, briefs and motion papers, and shall be bound by the decisions made by (Co-

) Lead Counsel in the State law and Sherman Act cases, except as may be specifically

excepted by the Court.

7

18.    Those counsel identified in paragraph 17 above shall confer before serving any discovery requests and shall endeavor to eliminate duplicative or overlapping discovery requests.  If notice is given to all parties in accordance with the terms of this Order, discovery taken by any party in any of these coordinated cases shall be deemed to have been taken in all such cases.  Subject to the terms of any protective order entered in these actions, all discovery obtained by any plaintiff shall be shared with all other plaintiffs.

19.    Counsel for each defendant shall be responsible for the conduct of his or her own defense.  However, counsel for defendants shall confer among themselves and make all reasonable efforts to coordinate the conduct of their cases, including the formulation of discovery requests, pleadings, briefs and motion papers and the taking of depositions.

20.    The Court appoints Elwood S. Simon & Associates, P.C. to act as Liaison Counsel for plaintiffs in all coordinated cases.  The Court appoints Dykema Gossett, P.L.L.C. to act as Liaison Counsel for defendants Hoechst Aktiengesellschaft and Hoechst Marion Roussel, Inc. and Honigman, Miller, Schwartz & Cohen as Liaison Counsel for defendant Andrx Corporation in all coordinated cases.  Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.  Only Liaison Counsel may write letters to the Court, unless permission is otherwise granted by the Court.

21.    Defendants shall effect service of papers on plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on (a) Liaison Counsel, (b) each Co-Lead Counsel in the State law cases, (c)each (Co-)Lead Counsel in the Sherman Act class cases, and (d) counsel in the Sherman Act individual cases. Elwood S. Simon & Associates will forward such service to all other plaintiffs' counsel by regular United States mail.  Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on all defendants' counsel.  This Court's Master Service List shall govern in all proceedings.

22.    The Court expects all counsel in these coordinated actions to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses.  However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

23.    Attorneys admitted to practice in any United States District Court are hereby entitled to participate in these coordinated proceedings without further admission to the bar of this Court.  Attorneys participating in these proceedings shall be subject to all rules applicable to members of the bar of this Court, including the Court's Civility Principles.

IX.

REMAND ISSUES OUTSTANDING

24.    For those actions listed in Schedule C which were transferred to this Court while motions to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. §

1447(c) were pending in the transferor court, Co-Lead Counsel in the State law cases shall provide courtesy copies of all moving and response papers to chambers within five (5) days of the date of this Order.  No further briefing will be accepted by this Court, unless otherwise ordered.

X.

OTHER MATTERS

25.     The Court shall set briefing, hearing and discovery schedules and pretrial deadlines by separate orders.

26.     Preservation of Documents: During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

27.     Communications among counsel:  The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between plaintiffs' counsel, and among and between defendants' counsel, shall not be deemed a waiver of the attorney-client privilege or the attorney work product doctrine.

28.     Confidentiality Order:  Any party who has not already objected has ten days from the date of receipt of this order to file objections to the provisions of the Confidentiality Order entered in Zuccarini v. Hoechst Aktiengesellschaft, Case No. 98-

74043 (E.D. Mich.)(NGE), annexed hereto at Schedule D; otherwise said Confidentiality

Order shall have full force and effect in these coordinated proceedings.


Dated: _____ SEP 0 3 1999 _____          *Nancy B. Edmunds*
                                         Nancy G. Edmunds
                                         U.S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD                    MASTER FILE NO. 99-MD-1278
ANTITRUST LITIGATION                  MDL No. 1278

THIS DOCUMENT RELATES TO:             Hon. Nancy G. Edmunds
ALL ACTIONS

_____/

## CASE MANAGEMENT ODER NO. 1

## SCHEDULE "A" - STATE LAW CASES

Northern District of California

*Betnor, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 3:98-3609

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 3:98-4729


Southern District of California

*Galloway, Inc., et al. v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-CV-0645-TW (JAH)


District of District of Columbia

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 1:99-193


Southern District of Florida

*Pearl Bence Lowy v. Hoechst Aktiengesellschaft, et al.*, Case No. 1:98-3051

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 9:99-8073

Northern District of Illinois

*Jan Gabriel v. Hoechst Aktiengesellschaft, et al.*, Case No. 1:98-7147


Eastern District of Michigan

*Charles Zuccarini v. Hoechst AG, et al.*, Case No. 2:98-74043


District of Minnesota

*Aetna U.S. Healthcare v. Hoechst Aktiengesellschaft, et al.*, Case No. 0:99-124


Eastern District of New York

*Sunshine Pharmacy of NY, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-CV-1641 (RJD).


Southern District of New York

*D'Esposito v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-cv-2088 (BDP)


Western District of North Carolina

*Shirlean Glover v.Hoechst Aktiengesellschaft, et al.*, Case No. 3:99-cv-00169


Eastern District of Tennessee

*Eugenia Wynne Sams v. Hoechst Aktiengesellschaft, et al.*, Case No. 2:98-348


Middle District of Tennessee

*Larry S. Sizemore v. Hoechst Aktiengesellschaft, et al.*, Case No. 3:99-42

<u>Eastern District of Wisconsin</u>

*Albert Eirich v. Hoechst Aktiengesellschaft, et al.*, Case No. 2:98-1027

*United Wisconsin Services, et al. v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-cv-389

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD                          MASTER FILE NO. 99-MD-1278
ANTITRUST LITIGATION                        MDL No. 1278

THIS DOCUMENT RELATES TO:                   Hon. Nancy G. Edmunds
ALL ACTIONS
_____/

## CASE MANAGEMENT ORDER NO. 1

## SCHEDULE "B" - SHERMAN ACT CLASS AND SHERMAN ACT INDIVIDUAL CASES

Southern District of Florida

*Louisiana Wholesale Drug Co., Inc. v. Hoechst Aktiengesellschaft, Inc., et al.,* Case No. 0:98-7263

*Sixteenth Street Community Health Center v. Hoechst Aktiengesellschaft, Inc., et al.,* Case No. 0:98-7307

*The Kroger Co., et al. v. Hoechst Aktiengesellschaft, Inc., et al.,* Case No. 0:99-6533-Hurley

District of Kansas

*Duane Reed, Inc. v. Hoechst Aktiengesellschaft, et al.,* Case No. 99-2072

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD
ANTITRUST LITIGATION

MASTER FILE NO. 99-MD-1278
MDL No. 1278

THIS DOCUMENT RELATES TO:
ALL ACTIONS

Hon. Nancy G. Edmunds

_____/

## CASE MANAGEMENT ORDER NO. 1

## SCHEDULE "C" - CASES WITH OUTSTANDING REMAND ISSUES

Southern District of California

*Galloway, Inc., et al. v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-CV-0645-TW (JAH)

Southern District of Florida

*Pearl Bence Lowy v. Hoechst Aktiengesellschaft, et al.*, Case No. 1:98-3051

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 9:99-8073

Northern District of Illinois

*Jan Gabriel v. Hoechst Aktiengesellschaft, Hoechst Marion Roussel, Inc., and Andrx Pharmaceuticals, Inc.*, Case No. 98-C-7147

Eastern District of New York

*Sunshine Pharmacy of NY, Inc. v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-CV-1641 (RJD).

Southern District of New York

*D'Esposito v. Hoechst Aktiengesellschaft, et al.*, Case No. 99-cv-2088 (BDP)


Western District of North Carolina

**Shirlean Glover v.Hoechst Aktiengesellschaft, et al.*, Case No. 3:99-cv-00169


Middle District of Tennessee

*Larry S. Sizemore v. Hoechst Aktiengesellschaft, et al.*, Case No. 3:99-42


Eastern District of Wisconsin

*Eirich v. Hoechst Aktiengesellschaft, et al.*, Case No. 98-C-0933


Middle District of Alabama

*Lightner, et al. v. Hoechst Aktiengesellschaft, et al.*, Case No. 2:99-784


**Plaintiffs' Motion for Remand not pending on transfer but forthcoming.

Schedule D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHARLES ZUCCARINI, on behalf
of himself and all other similarly situated,

        Plaintiff,

                                        Case No. 98-74043

v.

                                        Hon. Nancy G. Edmunds

HOECHST ATTIENGESELLSCHAFT et al,

        Defendants.

_____/

## CONFIDENTIALITY ORDER

At a session of the Court, held on
———————— JAN 0 8 1999 ————————, 1998.

The Court orders, pursuant to the stipulation of the parties, as follows:

WHEREAS, the law firm of Lowey Dannenberg Bemporad & Selinger, P.C. ("LDBS"),

in association with other counsel, represents Plaintiffs in certain class actions brought on behalf

of persons, firms or corporations who have paid for the purchases of the drug Cardizem® CD,

against defendants Hoechst Aktiengesellschaft ("Hoechst"), Hoechst Marion Roussel ("HMR")

and Andrx Pharmaceuticals, Inc. ("Andrx") relating to the Cardizem® CD, in five state courts,

all of which have been removed to the federal courts of those states, some of which are subject to

remand motions, and bear federal index numbers as follows:

        U.S.D.C. Northern District of California     C-98-3609

| U.S.D.C. Middle District of Alabama | CV-98-1057-N |
| U.S.D.C. Eastern District of Michigan | 98-74043 |
| U.S.D.C. Eastern District of Wisconsin | 98-C-0933 |
| U.S.D.C. Northern District of Illinois | 98-C-7147  (the "Pending Actions"); |

WHEREAS, LDBS,  in association with other counsel, has represented that it has been retained to represent other plaintiffs who have paid for the purchases of Cardizem® CD in other actions to be brought against defendants, asserting claims substantially equivalent to those asserted in the Pending Actions (the "Other Actions");

WHEREAS, the law firm of Shook, Hardy & Bacon, in association with other defendants' counsel, represents defendants Hoechst and HMR in the Pending Actions and expects to be retained to represent said defendants in the Other Actions;

WHEREAS, the law firm of Solomon, Zauderer, Ellenhorn, Frischer & Sharp, in association with other defendants' counsel, represents defendant Andrx  in the Pending Actions and expects to be retained to represent said defendant in the Other Actions;

WHEREAS, the parties to the Pending Actions and their counsel have agreed that documents produced in any of the Pending Actions may be used for any permissible purposes in any of the Pending Actions and/or the Other Actions, if otherwise relevant and admissible in those actions, to the same extent as if the documents had been produced in those actions and to the extent this Stipulation and Agreement has been entered as an Order in said action;

2

WHEREAS, the   parties and their counsel have agreed that certain categories of documents to be produced shall be treated as confidential or highly confidential pursuant to the terms of this Agreement; and that this Agreement shall apply to all Pending Actions and Other Actions; and

WHEREAS, the parties jointly agree that any party may present this Stipulation and Agreement to each court at any time in any of the Pending Actions or Other Actions in which discovery is to proceed and request that the court in each such action enter this Stipulation and Agreement as an order prior to the discovery in said action of documents or information otherwise covered by this Stipulation and Agreement, and that neither party shall oppose any such application to the Court.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

1.      The term "document" shall include all evidentiary materials, whether in electronic or written form, and all drug samples or other materials produced or provided in discovery.

2.      If any party or its counsel believes in good faith that any document required to be produced contains or reveals any trade secrets or confidential research, development or commercial information that is entitled to be protected pursuant to Rule 26(c), such document, or part thereof, may be stamped "confidential";

3

3.     Confidential information may be used by any person receiving it for no purpose other than prosecution, defense or settlement of the Pending Actions and/or the Other Actions, and shall be disclosed by the persons receiving it to no one except (i) employees of the receiving party; (ii) the Court presiding over any action, including any appellate court and its personnel, with appropriate steps being taken to preserve the confidentiality of the information; (iii) court and deposition stenographers and videographers; (iv) counsel representing a party in any of the Pending Actions and/or Other Actions, including paralegal, secretarial and clerical personnel; and (v) independent outside consultants and experts, provided that any such consultant or expert signs an Undertaking in the form annexed hereto as Exhibit A before such disclosure.  All such signed Undertakings shall be maintained on file by the party disclosing any Confidential or Highly Confidential Information to the independent consultant or expert and shall only be made available to the producing party for good cause shown by the producing party.

4.     In addition, in order to permit the parties to provide additional protection for a limited number of documents which may contain particularly sensitive trade secrets or confidential research, development or commercial information, parties may designate documents or parts of documents as "Highly Confidential Information" by stamping the document with that legend.  It is anticipated that any documents which may be designated as Highly Confidential Information would contain such sensitive trade secrets or confidential research, development or commercial information as to justify such designation, and the parties intend to use this particularly restrictive designation only for a limited number of documents.

4

5.      Highly Confidential Information may be used by any person receiving it for no purpose other than prosecution, defense or settlement of the Pending Actions and/or the Other Actions and shall be disclosed to no one except (i) inside counsel of the receiving party; (ii) the Court presiding over any action, including any appellate court and its personnel, with appropriate steps being taken to preserve the confidentiality of the information; (iii) court and deposition stenographers and videographers; and (iv) outside counsel representing a party to any of the Pending Actions and/or Other Actions, including paralegal, secretarial and clerical personnel. Highly Confidential Information shall not be disclosed to non-lawyer employees or representatives of a party or to independent experts or consultants except as may be provided pursuant to Paragraph 6 below.

6.      A party desiring to disclose Highly Confidential Information to a non-lawyer employee of a party or an independent expert or consultant or anyone not otherwise authorized by Paragraph 4 to receive such information may request in writing that the producing party agree to permit disclosure to such person, identifying such person by name, occupation, and place of employment, so as to allow the producing party to decide whether to object to disclosure of such Highly Confidential Information to such person.  If the producing party objects to disclosure of Highly Confidential Information to such person, it shall move the appropriate Court for a protective order within ten (10) business days after receiving written notice from the party wishing to disclose of its desire to do so.  Pending the resolution of such motion, the Highly Confidential Information shall be treated as such.   The identification by a party of an independent expert or consultant under this paragraph shall not constitute a waiver of any claim of work product immunity for any work done for the retaining party by such expert or consultant.

7.     Where a party obtains Confidential Information or Highly Confidential Information through the inspection of documents, the producing party may produce either original documents or legible copies.   The producing party retains the right to have its representatives, including security personnel, present in the inspection room at all times.   The documents being produced shall remain in the custody and control of the producing party at all times during the production process.   The receiving party shall pay for the reasonable cost of reproducing documents.

8.     Any party may designate any or all portions of deposition testimony as Confidential Information or Highly   Confidential Information if such deposition testimony contains information that is properly designated as Confidential or Highly Confidential Information as defined herein.   Deposition testimony concerning or relating to any document that has been designated as Confidential  or Highly Confidential shall automatically be designated as Confidential or Highly Confidential without further designation by the party that produced the document, unless a lesser designation is specifically and expressly agreed to by the producing party.     Deposition testimony shall be designated as Confidential Information or Highly Confidential Information by indication on the record at the deposition, or by written notice within thirty (30) days after receipt of the transcript of that deposition.   If any testimony given during a deposition is designated as Confidential Information, the front cover of the deposition shall bear the legend "CONTAINS CONFIDENTIAL INFORMATION" and the pages of the transcript containing the testimony so designated shall clearly identify the testimony so designated.   If any testimony given during a deposition is designated as Highly Confidential Information, the testimony so designated shall be bound separately from the remainder of the

6

deposition and the cover of such separately bound transcript shall bear the legend "CONTAINS HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY" and the pages of the transcript containing the testimony so designated shall clearly identify the testimony so designated.

9.     Attendance at a deposition shall be limited to persons authorized to receive Confidential Information pursuant to Paragraph 2 above, but all parties authorized hereunder to designate the transcript as containing any Confidential Information may jointly consent in writing to a broader attendance.  In addition, at the behest of any party authorized hereunder to designate the transcript as containing Highly Confidential Information, attendance may be further limited for portions of depositions at which Highly Confidential Information is discussed or documents designated as Highly Confidential are the subject of questioning, to those people authorized to receive Highly Confidential Information.

10.     If the receiving party objects to a "Confidential" or "Highly Confidential" designation of any document or to a refusal to permit disclosure, the receiving party shall promptly notify the producing party of such objection in writing.  The designating party or the party objecting to disclosure may apply to the Court within ten (10) business days of receipt of such objection for a protective order pursuant to Rule 23(c).  On any such motion the designating party shall bear the burden of proof.  Until the motion is decided, the documents at issue shall continue to be treated as Confidential or Highly Confidential, as the case may be.   Any Court entering this Stipulation and Agreement as an order, upon a showing of good cause, may at any

time order the removal of the "Confidential" or "Highly Confidential" designation from any document, summary or abstract thereof or portions of testimony.

11.     In the event a party wishes to file any pleading or other paper or thing containing Confidential Information or Highly Confidential Information with any Court for any purpose, the party shall file it with the Court in a sealed envelope bearing the caption of the case and a legend substantially in the following form:

"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

12.     In the event that any Confidential Information or Highly Confidential Information is utilized in motions, at trial or in the course of any appeal, the parties shall cooperate to have the Confidential Information or Highly Confidential Information sealed and that portion of the proceedings pertaining to the Confidential Information or Highly Confidential Information closed, unless the parties agree in writing to waive this requirement.  The use of any Confidential Information or Highly Confidential Information at trial or during an appeal by any party, including the party that designated the material as Confidential Information or Highly Confidential Information, shall not constitute a waiver of such designation or of the producing party's right to insist that the material continue to be treated as Confidential Information or Highly Confidential Information in accordance with this Order by the parties thereafter.

13.     In the event that any person or party subject to this Agreement having possession, custody or control of any Confidential Information or Highly Confidential Information of any opposing party receives from a non-party a subpoena or other process to produce such

information, such person or party shall promptly notify by facsimile and express mail the attorneys of record of the party that produced the Confidential Information or Highly Confidential Information sought by such subpoena or other process, and shall furnish such attorneys of record with a copy of said subpoena, process or order. The party or person receiving the subpoena or other process shall make a timely objection to production of the Confidential Information or Highly Confidential Information on the grounds that production is precluded by this Agreement, but shall have no other obligation to take any action to protect the Confidential Information or Highly Confidential Information and, providing notice has been appropriately provided to counsel for the producing party, shall have no obligation to oppose any motion to compel production. The producing party shall have the responsibility, in its sole discretion and at its own cost, to move against the subpoena or other process, or otherwise to oppose entry of an order by a court of competent jurisdiction compelling production of the Confidential Information or Highly Confidential Information. In no event shall the person or party receiving the subpoena or other process produce Confidential Information or Highly Confidential Information of any other party in response to the subpoena or other process unless and until such person or party is ordered to do so by a court of competent jurisdiction.

14.    Neither the termination of any or all of the actions nor the termination of employment of any person who had access to any Confidential Information or Highly Confidential Information shall relieve any person of the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

9

15.     Nothing in this Agreement shall be deemed in any way to restrict the use of documents or information which any party or counsel lawfully obtains independently of formal discovery in any of the actions, whether or not the same material is also obtained through formal discovery.  Nothing contained herein shall in any way limit a producing party's use of its own Confidential Information.

16.     Nothing in this Agreement shall bar or otherwise restrict any attorney from rendering advice to a party-client in connection with the prosecution, defense or settlement of this action and in the course thereof, referring to or relying upon such attorney's examination of Confidential Information or Highly Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any Confidential Information or Highly Confidential Information to unauthorized persons.

17.     In the event that a party seeks discovery from a non-party in any of the actions, the non-party may invoke the terms of this Agreement with respect to any Confidential Information or Highly Confidential Information provided to the parties by the non-party by so advising all parties to this suit in writing.

18.     The production of a document or thing in whole or in part shall not constitute an admission that the produced document or thing, or portion thereof, is relevant or is admissible in evidence and does not constitute a waiver of the right  to object to the admissibility of such document at trial.

19.     Nothing herein shall prevent any party from applying to the Court in any action for an order directing the parties to adhere to the terms of this Agreement; or from applying to the Court for further or additional protective orders.

20.     Nothing in this Order shall be deemed to waive the attorney-client, work product, trial preparation materials privileges or any other applicable privilege.   The inadvertent production or disclosure of any document, material or information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege against disclosure shall not be deemed a waiver, in whole or in part, of the producing party's claim of such privilege.

NANCY G. EDMUNDS

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

ELWOOD S. SIMON & ASSOC., P.C.
Attorneys for Plaintiff

By:_____
        Lance C. Young (P51254)
355 South Old Woodward, #250
Birmingham, Michigan 48009
(248) 646-9730

A TRUE COPY
CLERK U.S DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BY_____ DEPUTY CLERK

11

HONIGMAN MILLER SCHWARTZ AND COHN
Attorneys for Andrx

By: _____
       Norman C. Ankers (P30533)
2290 First National Building
Detroit, Michigan 48226
(313) 465-7306

Of Counsel:

Louis M. Solomon
SOLOMON, ZAUDERER, ELLENHORN
  FRISCHER & SHARP
45 Rockefeller Plaza
New York, New York 10111
(212) 956-3700


DYKEMA GOSSETT, PLLC
Attorneys for Hoechst

By: _____
       Barbara Goldman Mandell (P36427)
1577 North Woodward, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0840

DET_C\207643.1

12

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BILLY JOE LIGHTNER; LOMAX STANFORD;<br>JANOKA, INC., d/b/a/ THE MEDICINE SHOPPE;<br>SHOPPE; and FREDERICK MARK FLEGAL,<br>Individually and on behalf of all others similarly<br>situated as more specifically alleged in the complaint,<br><br>Plaintiffs,<br><br>v.<br><br>HOECHST AKTIENGESELLSCHART,<br>HOECHST MARION ROUSSEL, INC.,<br>and ANDRX PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 98-T-1057-N<br><br><br><br><br><br><br>**STIPULATED<br>CONFIDENTIALITY ORDER** |

       I, _____, declare that I am authorized pursuant to the Stipulated

Confidentiality Order dated _____ (the "Order") to receive Confidential

Information produced by _____.

       I certify my understanding that the Confidential Information is being provided to

me pursuant to terms and restrictions of the Order, and that I have been given a copy of and have

read and understood my obligation under that Order. I hereby agree to be bound by the terms of

the Order. I clearly understand that the Confidential Information and my copies or notes relating

thereto may only be disclosed to or discussed with those persons permitted by the Order to

receive such information.

1

At the conclusion of this litigation, I will destroy or return all materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to counsel of record for the party that has retained me in this action..

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this Declaration and Undertaking is executed on the _____ day of _____, 1997 at [City or town] _____ and [state]_____.

_____
[signature]

2

## CERTIFICATE OF SERVICE

**Pursuant to Rule 77(d), Federal Rules of Civil Procedure, copies have been mailed to:**

Elwood S. Simon, Esq.
**ELWOOD S. SIMON & ASSOCIATES**
355 South Old Woodward Avenue
Suite 250
Birmingham, MI 48009

Stephen Lowey, Esq.
**LOWEY, DANNENBERG,**
 **BEMPORAD & SELINGER PC**
The Gateway, 11th Floor
One North Lexington Avenue
White Plains, New York  10601-1714

Joseph J. Tabacco, Jr., Esq.
**BERMAN, DEVALERIO, PEASE**
 **& TABACCO**
425 California Street, Suite 2025
San Francisco, CA 94104

Richard Drubel, Esq.
**BOIES & SCHILLER**
26 South Main Street
Hanover, NH 03755

Bruce E. Gerstein, Esq.
**GARWIN BRONZAFT GERSTEIN**
 **& FISHER, LLP**
1501 Broadway
New York, NY 10036

Scott E. Perwin, Esq.
**KENNY NACHWALTER**
 **SEYMOUR ARNOLD CRITCHLOW**
 **& SPECTOR, PA**
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

Joseph Rebein, Esq.
**SHOOK, HARDY & BACON LLP**
One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Barbara Goldman Mandell, Esq.
**DYKEMA GOSSETT PLLC**
1577 North Woodward Avenue
Suite 300
Bloomfield Hills, MI  48304-2820

Louis M. Solomon, Esq.
**SOLOMON ZAUDERER ELLENHORN**
 **FRISCHER & SHARP**
45 Rockefeller Plaza
New York, NY 10111

Norman C. Ankers, Esq.
**HONIGMAN MILLER SCHWARTZ**
 **& COHEN**
2290 First National Building
Detroit, MI  48226-3583

**Judicial Panel Multidistrict Litigation**
Thurgood Marshall Federal Judiciary Building
Room G-255 North
One Columbus Circle, N.E.
Washington, D.C. 20002-8004

_____
Deputy Court Clerk

SEP 0 3 1999
_____
Date