**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: CARDIZEM CD ANTITRUST LITIGATION ) ) ) _____) | MASTER FILE NO. 99-MDL-1278<br><br>HON. NANCY G. EDMUNDS |

**FED. R. CIV. P. 54(d) MOTION FOR AN AWARD OF EXPERT WITNESS FEES AND REASONABLE ATTORNEYS FEES/COSTS INCURRED BY THE STATE ATTORNEYS GENERAL AND THE STATE LAW PLAINTIFFS**

**I.     Introduction**

State Attorneys General for all fifty states, Puerto Rico, and the District of Columbia, as well as State Law Plaintiffs (collectively "Plaintiffs-Appellees") file this motion pursuant to Fed. R. Civ. P. 54(d). Plaintiffs-Appellees request this Court to award Plaintiffs-Appellees expert witness expenses under 28 U.S.C. § 1920, and reasonable attorneys fees and costs under Tenn. Code Ann. § 47-18-109. Plaintiffs-Appellees incurred these costs and fees as a direct result of Plaintiff Eugenia Wynne Sams' unsuccessful appeals in case numbers 03-2635 and 03-2514.

By Opinion and Order filed on December 14, 2004, the United States Court of Appeals for the Sixth Circuit concluded that this Court properly imposed an appeal bond at issue in appellate case no 03-2535, thereby affirming this Court's decision. *In Re: Cardizem CD Antitrust Litig.*, 2004 Fed. App. 0429P (6th Cir., Dec. 14, 2004). In appeal 03-2514, the Sixth Circuit Court of Appeals dismissed Sams' appeal for failure to post the appeal bond. *Id.* In denying Sams' appeals in their entirety, the Sixth Circuit observed that the issues raised by Sams and her legal counsel in the appeals lacked merit. *Id.* at *16.

## II.    Case History

The Court is aware of the procedural and factual history of this case. For that reason, Plaintiffs-Appellees will not burden the Court with a complete recitation of the underlying procedural and factual history of the case. Instead, Plaintiffs-Appellees will provide this Court with the history of the case as it relates only to the instant motion.

Over a year ago, on November 5, 2003, Sams filed the first of two notices of appeal. Plaintiffs-Appellees responded by filing a motion in the Sixth Circuit seeking an expedited review on November 25, 2003. That motion was filed in anticipation that a lengthy appellate process would adversely impact the national consumer class. Further, this Court has acknowledged the callous disregard Sams and her legal counsel displayed regarding the elderly members of the consumer class by delaying the distribution:

> Rather, she has chosen to object and file an appeal despite knowledge that, pursuant to the Settlement Agreement, an appeal will delay disbursement of Settlement Funds to consumers who are typically elderly and ill and at risk of dying before her appeal is heard or decided.

(Order No. 76, Case No. 99-MDL-1278, at 44.)

It is impossible to know how many of the consumer class may have died since Sams and her legal counsel pursued the meritless appeals. It is known, however, that Sams and her legal counsel continue to disregard the impact the appeal has had and will continue to have on the consumer class. Indeed, despite the Sixth Circuit's express recognition that the issues raised in the appeals were baseless, Sams' legal counsel has since brazenly notified co-counsel for the State Law Plaintiffs of his intention to continue to protract this litigation unless and until his attorneys fees and costs are paid, "along with a modest incentive payment to Ms. Sams for her efforts." (Gordon Ball letter to State Law Plaintiffs' lead counsel, December 20, 2004, attached as 1.) In other words, after having delayed distribution of the settlement and having failed to comply with an order requiring the posting of a bond for over a year, counsel for Ms. Sams asked

2

the States and the State Law Plaintiffs for fees for the time spent harming those consumers entitled to recover under the settlement.

As a direct result of the meritless appeals, the consumer class has incurred significant additional administration expenses. Attachment 2 identifies the additional expenses incurred by the district court-approved expert, Rust Consulting during the pendency of the appeals. Attachment 3 documents the expenses incurred by Fifth Third Bank (the Escrow Agent) attributable to the delay. Attachments 4 - 8 set forth the reasonable attorney fees and costs legal counsel for Plaintiffs-Appellees have incurred as a direct consequence of the appeals. Plaintiffs-Appellees urge this Court to order Sams to pay these fees and expenses.

### III. Argument

#### A. Plaintiff-Appellees are entitled to recover expert witness expenses from Plaintiff Sams under 28 U.S.C. § 1920.

Plaintiffs-Appellees request this Court to tax $6165.61 to Plaintiff Sams for claims administration costs incurred as a direct result of her meritless appeals. Under 28 U.S.C. § 1920(6), a court can tax costs for the compensation of court-appointed experts. This Court approved Rust Consulting, Inc. ("Rust") as the expert consumer claims administrator. Rust's costs incurred solely due to the appeals, are thus squarely within the scope of 28 U.S.C. § 1920.

In granting Plaintiffs' Motion for Imposition of an Appeal Bond, this Court ruled that 28 U.S.C. § 1920 includes compensation for Rust Consulting, Inc. as a court-appointed expert. (*See* Order No. 82 at 10.) This Court stated that "[i]n Order No. 59, ¶ 23, this Court appointed Rust . . . to serve as the Settlement Administrator of the Consumer Settlement Fund. Thus, Rust Consulting was appointed as an expert." *Id*. On that basis, included in the appeal bond were costs for notifying by mail each of the estimated 78,000 class members of the appeal and associated delay; the Sixth Circuit later upheld the bond in its entirety. 2004 Fed. App. 0429P.

As evidenced by attachment 2, Rust's administrative costs associated with the appeal were $255,683.10. This work was required in connection with Order No. 59. These should be paid by Plaintiff Sams. 28 U.S.C. § 1920.

### B. Plaintiffs-Appellees are entitled to attorney's fees and costs under Tennessee Law because Sams' appeals were without legal merit.

The Tennessee Consumer Protection Act provides for damages and an award of attorney's fees and costs if "any private action commenced under this section . . . is frivolous, *without legal* or factual *merit*, or brought for the purpose of harassment." Tenn. Code Ann. § 47-18-109(e)(2) (emphasis added).[1] Such an award is an element of damages, and the decisions of whether and to what extent to award attorney's fees and costs rest with the discretion of the trial court. *See Wagner v. Fleming*, 139 S.W.3d 295, 304 (Tenn. App. 2004).

In *Wagner*, the Tennessee Court of Appeals determined that a property owner's suit against his neighbors for placing signs in their yards warning others of the hazards of a nearby power plant, thereby inhibiting his ability to sell his property at his desired price, was not properly brought under the Tennessee Consumer Protection Act. 139 S.W.3d at 301. Upon finding that the Act was inapplicable to the circumstances presented in the case, the court determined that the plaintiff's position was without legal merit, which implicated Tenn. Code Ann. § 47-18-109(e)(2). *Id.* at 304. The court then remanded this issue to the trial court for a determination on "whether, and, if so, to what extent, the defendants are entitled to damages under the Act for services rendered in the trial court *and on appeal*." *Id.* (emphasis added).

---

[1] While the Act itself does not define the term "action," elsewhere in Tennessee law and in general legal usage, the term action usually includes all formal legal proceedings attendant to civil actions brought in a trial court, which would include appeals. *See, e.g.,* Tenn. Code Ann. § 28-1-101 ("includes . . . other legal proceedings in judicial tribunals for the redress of civil injuries"); Black's Law Dictionary 26 (5th ed. 1979) ("includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court"); Dictionary of Modern Legal Usage 20 (2d ed. 1990) ("proceedings in a court of law").

Similarly here, Sams' action (i.e., her appeal of the district court's denial of her objection to the proposed settlement) was based on the Tennessee Consumer Protection Act. As noted by the Sixth Circuit in its dismissal of Sams' appeal, she objected to the settlement in this case because: under Tennessee law the Attorney General lacked *parens patriae* authority; the class definition was insufficient in that it did take into account differences in state antitrust laws (i.e., Tennessee antitrust law allows for indirect purchasers recoveries in antitrust actions, whereas other states may not have comparable provisions in their antitrust statutes); and under Tennessee law, consumers were entitled "a more generous measure of damages in antitrust than did other states." 2004 Fed. App. 0429P, at *6.

This Court determined that Sams' objections and arguments (repeated on appeal) were "all without merit and border[ed] on frivolousness." (Order, Case No. 99-MD-1278, Doc. 76, at 40.) The Sixth Circuit Court's December 14, 2004 opinion, while suggesting that the assessment regarding frivolousness may have been "overstated," nonetheless agreed with this Court that Ms. Sams' action/objections "lack[ed] merit." 2004 Fed. App. 0429P, at *16. Thus, both this Court and the appeals court have found that Sams' appeal lacked legal merit.

Because Sams' appeals were wholly without legal merit, as recognized both by the district court and by the Court of Appeals, the Plaintiffs-Appellees are entitled to recover the reasonable fees/costs and damages incurred on appeal. Tenn. Code Ann. § 47-18-109(e)(2).

### C. The attorney fees/costs and damages requested by the Plaintiff-Appellees are reasonable under governing Tennessee law.

The Tennessee Supreme Court provided guidelines in *Connors v. Connors,* 594 S.W.2d 672, 677 (Tenn. 1980), for consideration of the reasonableness of a fee/cost request. The *Connors* guidelines are: the time devoted to performing the legal service; the time limitations imposed by the circumstances; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the fee customarily charged in the locality for

5

similar services; the amount involved and the results obtained; the experience, reputation, and ability of the lawyer performing the legal service. *Connors*, 594 S.W.2d at 676.

Plaintiffs-Appellees note that this request is limited to only those reasonable fees and expenses associated with the appeal, not with the district court proceedings. Plaintiffs-Appellees respectfully request the Court to grant these reasonable fees and expenses. Accordingly, the attached affidavits 4-8 set forth $290,363.73 in reasonable attorneys' fees/costs as follows:

- Michigan Attorney General, as Co-Lead Counsel for Plaintiff States: $28,825.83
- New York Attorney General, as Co-Lead Counsel for Plaintiff States: $105,561.69
- Ohio Attorney General, as Counsel coordinating claims administration through Rust Consulting and Escrow Agent Fifth Third Bank: $29,442.00
- Lowey, Dannenberg, Bemporad & Selinger, as Co-Lead Counsel for State Law Plaintiffs: $108,932.71
- Berman, Devalerio, Pease & Tabacco, as Co-Lead Counsel for State Law Plaintiffs: $17,601.50

The fees requested by counsel in this case are reasonable because the time devoted to the appeal by co-lead counsel for the States and the State Law Plaintiffs was not excessive; the appeal was handled on a expedited basis; the questions involved had to be thoroughly briefed, the importance of the issues to the public interest prevented this appeal from being assigned to less experienced attorneys; and the result was a successful defense of the public interest in the face of baseless arguments. This Court should find that the States and the State Law Plaintiffs are entitled to the requested attorney fees/costs, given the reasonableness of the efforts and the results obtained.

Further, the Escrow Agent has suffered approximately $6165.61 in damages specifically attributable to the delay occasioned by Plaintiff Sams' meritless appeal. (*See* Attachment 3.) This Court's approval of the final settlement in Order 76 recognized Fifth Third Bank as the Escrow Agent, and deemed settlement administration costs to be reasonable. Therefore, Fifth Third Bank is entitled to recoup its damages, suffered by reason of Plaintiff Sams' meritless appeals. Tenn. Code Ann. § 47-18-109(e)(2).

IV.     Conclusion[2]

Plaintiffs-Appellees are entitled to recover the cost of expert witness expenses incurred in the pendency of Sams' appeals under 28 U.S.C. § 1920, in the amount of $255,683.10.  (*See* Attachment 2.)  Plaintiffs-Appellees are also entitled to recover $6165.61 in damages incurred by Fifth Third Bank, as set forth in Attachment 3.  Plaintiffs-Appellees are also entitled to recover reasonable attorney's fees and costs incurred as a result of Sams' appeals according to Tennessee law in the amount of $290,363.73.  (*See* Attachments 4-8.)  Based on these authorities, Plaintiffs-Appellees request this Court to order these amounts to be paid to Plaintiffs-Appellees.

Dated:  December 28, 2004            Respectfully submitted,

>                                    MICHAEL COX
>                                    ATTORNEY GENERAL
>                                    STATE OF MICHIGAN
>                                    **Co-Lead Counsel for the Plaintiff States**
>
>                                    /s/  Nancy B. Pridgen
>                                    Michelle M. Rick (P45170)
>                                    Nancy B. Pridgen (P67569)
>                                    Assistant Attorneys General
>                                    Special Litigation Division
>                                    525 W. Ottawa Street
>                                    P.O. Box 30755
>                                    Lansing, MI  48909
>                                    Telephone:  (517) 373-1123
>                                    Fax:  (517) 373-9860
>                                    Email: PridgenN@michigan.gov

---

[2] Pursuant to Local Rule 7.1(a), the undersigned sought concurrence from Plaintiff Sams' attorney, Gordon Ball.  Concurrence was not obtained, necessitating the filing of this motion.

Dated:  December 28, 2004

        Respectfully submitted,

        ATTORNEY GENERAL FOR THE
        STATE OF NEW YORK
        ELIOT SPITZER

<u>/s/ Robert Hubbard, w/ permission by Nancy Pridgen</u>
    ROBERT HUBBARD, Director of Litigation
    Margaret D. Martin, Assistant Attorney General
    Antitrust Bureau
    Office of the Attorney General for the
    State of New York
    120 Broadway
    New York, NY  10271-0332
    Telephone:  (212) 416-8267
    Fax:  (212) 416-6015
    Email:  Robert.Hubbard@oag.state.ny.us
    **Co-Lead Counsel for Plaintiff States**


<u>/s/ Richard Cohen w/ permission by Nancy Pridgen</u>
Stephen Lowey
Richard W. Cohen
Peter D. St. Phillip, Jr.
LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.
One North Lexington Avenue
White Plains, NY 10601
Telephone:  (914) 997-0500
Fax:  (914) 997-0035
**Co-Lead Counsel for State Law Plaintiffs**


<u>/s/ Joseph Tabacco w/ permission by Nancy Pridgen</u>
Joseph J. Tabacco
BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO
425 California Street
San Francisco, CA  94104
Telephone:  (415) 433-3200
Fax:  (415) 433-6382
**Co-Lead Counsel for State Law Plaintiffs**

8

-