UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CARDIZEM CD ANTITRUST
LITIGATION,                                                        Master File No. 99-md-1278
                                                                            MDL No. 1278

THIS DOCUMENT RELATES TO:                       Honorable Nancy G. Edmunds
Case Nos.  99-75070 (Lightner)
           99-73422 (Betnor)
           99-73412 (Aetna)
           99-73871 (Galloway)
           99-74262 (Aetna)
           99-73667 (Gabriel)
           98-74043 (Zuccarini)
           99-73239 (Aetna)
           99-73845 (Sunshine)
           99-73713 (D'Esposito)
           99-74377 (Glover)
           99-73190 (Sams)
           99-73345 (Sizemore)
           99-73981 (Eirich)
           99-73666 (United Wisc.)
           01-70490 (Ross)
           01-71835 (State of
                  New York,
                  et al. )
_____/

**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' JOINT MOTION FOR AN AWARD OF EXPERT WITNESS FEES AND FOR REASONABLE ATTORNEYS FEES AND COSTS [842], (2) DENYING STATE OF TENNESSEE'S MOTION FOR ATTORNEYS FEES AND COSTS [53, Case No. 99-73190]; AND (3) DENYING PLAINTIFFS' MOTION TO HOLD GORDON BALL AND/OR EUGENIA WYNNE SAMS IN CONTEMPT FOR FAILING TO POST APPEAL BOND ORDERED ON DECEMBER 18, 2003 AND TO SANCTION MS. SAMS' ATTORNEY FOR COSTS, FEES, AND EXPENSES UNDER 28 U.S.C. § 1927 [853]**

This matter comes before the Court on two motions filed by the State Attorneys General and State Law Plaintiff [842, 853], and a separate motion filed by the State of Tennessee [53, Case No. 99-73190] (collectively "Plaintiffs"), all seeking attorneys' fees

and additional costs claimed attributable to Eugenia Wynne Sams ("Sams")' appeal of this Court's bond order and its order rejecting Sams' objections and granting final approval of the Class Action Settlement.

The Court begins with a summary of the Sixth Circuit's decision and this Court's previous Orders with regard to the appeal bond, Sams' objections, and attorney fee awards. It then provides an analysis of the authority Plaintiffs rely on as support for the relief they request.

**I.   Background**

On October 21, 2003, this Court entered final judgment approving the settlement of Plaintiffs' class action against Defendants. (Order No. 78).

In Order Nos. 76 and 77, this Court rejected Sams' objections and gave final approval of the Class Action Settlement, consisting of the following attorneys' fees and costs:

State Law Plaintiffs' Counsel (21 law firms):

| | |
|---|---|
| Attorneys Fees | $13.6 million plus 17% interest on escrowed amount |
| Costs/Expenses | 1.35 million |

State Attorneys General (All 50 states plus D.C. and Puerto Rico)

| | |
|---|---|
| Attorneys Fees | $ 1.76 million |
| Enforcement Costs | $    733,519.03 |

Sams' filed a timely notice of appeal.

On December 18, 2003, this Court imposed an appeal bond requiring Sams to pay $174,429.00 by January 5, 2004. (Corrected Order No. 82.) Sams appealed that order as well, but never paid the appeal bond.

On December 14, 2004, the Sixth Circuit affirmed this Court, concluding that it

"properly calculated the amount of the appeal bond" in the amount of $174,429.00, "consisting of $1,000.00 in filing and brief preparation costs, $123,429.00 in incremental administration costs,[1] and $50,000 in projected attorneys' fees." *In Re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 814-15 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 2297 (May 23, 2005). The Sixth Circuit also dismissed Sams' appeal of this Court's denial of her objections to the proposed settlement in this nationwide antitrust class action suit because she failed to post the appeal bond imposed by this Court. *Id.* at 814. It reasoned that dismissal was appropriate because: (1) Sams' objections lacked merit; (2) "the pursuit of her objections ha[d] the practical effect of prejudicing the other injured parties by increasing transaction costs and delaying disbursement of settlement funds"; and (3) Sams made no effort in the district court to justify her failure to post the bond." *Id.* at 818.

## II.  Analysis

In their current motions, Plaintiffs seek the following relief:

### A. Court-Appointed Expert Fees Under Rule 54(b) and 28 U.S.C. § 1920(6)

Plaintiffs assert that they are entitled, under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1920(6), to expenses in the **amount of $255,683.10**, incurred by the court-appointed expert, Rust Consulting, Inc., for administration of the Class Action Settlement Fund during the delay caused by Sams' appeals. This Court agrees.

Federal Rule of Civil Procedure 54(d) provides, in pertinent part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

---

[1]Corrected Order No. 82 identifies these as anticipated costs owed to the Court-appointed expert, Rust Consulting, Inc., which was appointed as an expert in Order No. 59 to serve as the Settlement Administrator of the Consumer Settlement Fund.

3

otherwise directs . . . ." As the Sixth Circuit recently observed, however, "[a]lthough Rule 54(d) allows a party to be reimbursed for its 'costs,' this term is given a far narrower interpretation than its vernacular meaning might suggest." *Hadix v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003). "Taxable costs are listed in 28 U.S.C. § 1920." *Id.* These include the following six items:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Rust Consulting, Inc. is a court-appointed expert in this matter that provided services essential to the resolution of this case. Accordingly, Rust Consulting's $255,683.10 in administration costs attributable to the delay in the administration and distribution of the Consumer Settlement Fund caused by Sams' appeals, including postage, copying, and other expenses necessarily made by Rust, pursuant to Court order, are taxable costs under § 1920(6). *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2678 at 481-82 (3d ed. 1998).

Kim R. Schmidt, Senior Project Administrator at Rust Consulting, attests in her Affidavit, that as of early March 2004, Rust Consulting was prepared to send reimbursement checks to all eligible consumer claimants but could not do so because of

4

the pendency of Sams' appeals. (Pls.' Mot., Ex. 2, Schmidt Aff. ¶¶ 4.) Added expenses attributable to the delay beyond the first two weeks in March 2004 include those associated with notifying claimants of the delay and the need to notify Rust of any address changes, costs of technical and project support, including records, database, and website maintenance, maintenance of a toll free number with customer service representatives, and processing correspondence from class members regarding settlement information. (*Id.* at ¶¶ 5-9.) Ms. Schmidt also lists added administration costs through March 14, 2005, the last date Sams' was allowed to petition the Supreme Court for certiorari. (*Id.* at ¶¶ 10-12.) Ms. Schmidt's Affidavit did not attempt to estimate the additional expenses that would be incurred for further delay caused by Sams' appeal to the Supreme Court. (*Id.* at ¶ 13.) Sams' did file a petition for certiorari with the United States Supreme Court. Certiorari was denied on May 23, 2005. *Sams v. Hoechst Aktiengesellschaft*, 125 S. Ct. 2297 (2005). On May 31, 2005, this Court granted Plaintiffs' motion and directed Rust Consulting to distribute the Consumer Settlement Fund to consumer claimants.

For the above-stated reasons, this Court GRANTS Plaintiffs' motion as to these expenses. Attorney Gordon Ball, rather than his client, is required to make payment to Plaintiffs for $255,683.10 in Court-appointed expert fees attributable to the delay caused by Sams' appeals.

### B. Recovery of Reasonable Attorneys Fees and Costs

Plaintiffs[2] further argue that they have the right to recover additional attorneys fees, costs, and damages in the following amounts: $294,418.00 in attorneys fees, $6,241.93

---

[2]This includes the State of Tennessee, and its separate motion for attorneys fees and costs is included in this analysis.

in costs/expenses, and $6,165.61 in damages, incurred in connection with Ms. Sams' appeals.

In support of their claim, Plaintiffs first argue that, as the Sixth Circuit observed, §109(e)(2) of the Tennessee Consumer Protection Act allows recovery of attorneys fees, costs, and damages in cases bought under the Act that lack factual or legal merit. They next argue that, because Sams' counsel, Gordon Ball, unreasonably multiplied the proceedings by appealing the Court's denial of Sams' meritless objections while failing to post the $174,429.00 appeal bond as ordered by this Court, Mr. Ball should be held personally liable for Plaintiffs' costs, attorneys fees and expenses under 28 U.S.C. § 1927. This Court addresses each of these arguments in turn.

**1. Recovery Under the Tennessee Consumer Protection Act**

The Tennessee Consumer Protection Act provides for damages and an award of attorney's fees and costs "[i]n any private action commenced under this section, upon finding that the action is frivolous, *without legal or factual merit*, or brought for the purpose of harassment, the court *may* require *the person instituting the action to indemnify the defendant* for any damages incurred, including reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(2) (emphasis added). This statute also allows the Court to award attorney's fees and damages for work performed on appeal. *See Wagner v. Fleming*, 139 S.W.3d 295, 304 (Tenn. Ct. App. 2004). Even when the prerequisites in § 109(e)(2) are met, "whether or not to award fees is discretionary with the court." *Glanton v. Bob Parks Realty*, No. M2003-01144-COA-R3-CV, ___ S.W.3d ___, ___, 2005 WL 1021559, *9 (Tenn. Ct. App. April 27, 2005) (citing *Wagner*, 139 S.W.3d at 304).

Plaintiffs argue that, although Sams and the State of Tennessee ex rel. the Attorney

General were both Plaintiffs in private actions under the Tennessee Consumer Protection Act against common Defendants, once Sams took legally meritless positions contrary to the Tennessee Attorney General as to its *parens patriae* authority to act on behalf of all citizen consumers to settle the Class Action lawsuit, she was properly realigned as an opposing party, thus triggering the Court's discretion to award attorney's fees and damages under § 109(e)(2). Stated otherwise, if this Court had not consolidated both Sams' and the State of Tennessee's separate consumer protection cases pursuant to laws governing multi-district litigation, Sams would have had to sue the Attorney General in his official capacity to attack his authority as she did in her objections to the Class Action Settlement. Sams would then have been a plaintiff suing the Attorney General as a defendant, claiming that his actions were not authorized pursuant to Tennessee's Consumer Protection Act. Plaintiffs further argue that, by not opting-out of the Consumer Class and instead continuing to prosecute this lawsuit on appeal, Sams and her counsel not only held up the distribution of a multi-million dollar settlement intended for the benefit of thousands of consumers, but also substantially diverted the scarce resources of public officials who had to defend against claims that, as the Sixth Circuit observed, lacked merit. *See In re Cardizem CD Antitrust Litig.*, 391 F.3d at 818. As evidence of harassment, Plaintiffs also point to a letter written by Sams' counsel, Gordon Ball, after the Sixth Circuit's December 14, 2004 decision, threatening to file a petition for writ of certiorari to the United States Supreme Court unless Plaintiffs pay Sams' attorneys fees and costs and "a modest incentive payment to Ms. Sams for her efforts." (Tenn. A.G. Mot., Ex. A, 12/20/04 letter.)

Sams responds by arguing that, under the plain language of the Tennessee Consumer Protection Act, the only persons who could have sought attorneys' fees under

7

§ 109(e)(2) were the Defendants in this action, not Plaintiffs. Sams further argues that (1) there is no case law that supports Plaintiffs' position; (2) "while the Sixth Circuit did agree with this Court that Sams' substantive objections 'lack merit,' it did so without any analysis" (Sams' Resp. To Tenn. A.G. at 3); (3) the December 20, 2004 letter was meant as an attempt to settle, not to harass; and (4) none of the attorneys have met their burden of showing that the attorneys' fees and costs requested are reasonable; i.e., at the prevailing local rate and for hours reasonably required for the task.

Plaintiffs reply that, because the Sixth Circuit has held that this Court "properly calculated the amount of the appeal bond," and that § 109(e)(2) provided a basis for this Court's award of attorney fees in that appeal bond, that ruling is now law of the case. *See In re Cardizem CD Antitrust Litig.*, 391 F.3d at 817-18. Plaintiffs further argue that Ms. Sams' reading of § 109(e)(2) is inappropriately narrow because it fails to consider that, as to Sams' appeal, Plaintiffs were collectively in the position of defendant, which the Act defines as including "a person in the position of a defendant in a cross-action or counterclaim." Tenn. Code Ann. § 47-1-201. Plaintiffs emphasize the Sixth Circuit observation that Sams' "pursuit of her objections ha[d] the practical effect of prejudicing the other injured parties by increasing transaction costs and delaying disbursement of settlement funds." *In re Cardizem CD Antitrust Litig.*, 391 F.3d at 818. In sum, Plaintiffs argue, Sams' appeal placed Plaintiffs in a position of defending against legally meritless objections, thus allowing them to recoup attorneys fees, costs, and damages under § 109(e)(2).

Plaintiffs' request for attorneys fees, costs, and damages is DENIED. Plaintiffs' counsel has already been adequately compensated in this matter. Thus, even if this Court

were to find Plaintiffs' arguments persuasive and the prerequisites allowing recovery of attorneys fees, costs, and damages were satisfied under § 109(e)(2), it would exercise its discretion and not award these requested attorneys fees, costs, and damages.

The Court now addresses Plaintiffs' argument that this Court should sanction Sams' attorney, Gordon Ball, under 28 U.S.C. § 1927, by ordering him to personally pay the attorneys' fees, costs, and expenses incurred by Plaintiffs in connection with Sams' appeals.

### 2.  28 U.S.C. § 1927

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  Sams' counsel argues that the Sixth Circuit, rather than this Court, has authority to decide whether attorneys' fees, costs, and expenses in connection with Sams' appeals are warranted under § 1927 because it is the Sixth Circuit where Plaintiffs allege Mr. Ball unreasonably and vexatiously multiplied the proceedings. Plaintiffs do not respond to this argument; and, in light of the authority cited below, I find it persuasive.

Although the Sixth Circuit has not addressed this issue, the vast majority of other Circuit Courts of Appeal that have done so agree with Sams' position. *See Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2005) (observing "that the district court oversteps its bounds when it sanctions conduct before the appellate court that the appellate court itself has the authority to sanction under appellate rules" and "join[ing] several of our sister circuits in holding that a district court may not award the cost . . . appellate

proceedings as part of a sanctions award under § 1927") (citing *Morris v. Peterson*, 871 F.2d 948, 951 (10th Cir. 1989); *Conner v. Travis County*, 209 F.3d 794, 798-802 (5th Cir. 2000)). *Accord, Glatzer v. Montmartco, Inc.*, 790 F.2d 285, 286-88 (2nd Cir. 1986) (observing that it previously "held that the question whether an appeal is so frivolous as to warrant the imposition of attorneys fees should be determined by the appellate court rather than by the court that rendered the initial decision" and declining to create a "bankruptcy court exception" to that rule.) These courts have uniformly observed that the "[a]ppellate courts have more than ample authority to sanction both parties and their attorneys for frivolous appeals," and that "[a] rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of a district court decision." *Id.* at 288 (internal quotation marks and citation omitted).

This Court will follow the majority rule and DENY Plaintiffs' motion for § 1927 sanctions because it addresses attorneys fees and costs incurred in connection with appellate proceedings, not district court proceedings.

**D. Plaintiffs' Request to Hold Gordon Ball and/or Ms. Sams in Contempt**

Finally, Plaintiffs argue that this Court should hold Mr. Ball and/or his client, Ms. Sams, in civil contempt for not complying with the Court's 2003 appeal bond order, with a sanction of $500 per day, until the full amount of that bond is deposited with the Court. Mr. Ball responds with numerous reasons why he should not be sanctioned.

This motion is DENIED. Even if a contempt order were appropriate, Plaintiffs will have obtained adequate relief for the delay caused by Sams' appeals by virtue of this Court's order, pursuant to 28 U.S.C. §1920(6), requiring Mr. Ball to pay $255,683.10 in

costs incurred by the Court-appointed expert claims administrator, Rust Consulting. Plaintiffs' counsel has already been adequately compensated for attorneys fees and costs in connection with this matter.  No further relief is warranted.

### III.   Conclusion

For the foregoing reasons, the Court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' Fed. R. Civ. P. 54(d) motion for an award of expert witness fees and reasonable attorneys fees/costs; (2) DENIES the State of Tennessee's motion for attorneys' fees and costs; and (3) DENIES Plaintiffs' motion to hold Gordon Ball and/or Eugenia Wynne Sams in contempt for failing to post appeal bond ordered on December 18, 2003 and to sanction Ms. Sams' attorney for costs, fees and expenses under 28 U.S.C. § 1927.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager