UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CARDIZEM CD ANTITRUST
LITIGATION,

Master File No. 99-md-1278
MDL No. 1278

THIS DOCUMENT RELATES TO:
Case Nos.  99-75070 (Lightner)
           99-73422 (Betnor)
           99-73412 (Aetna)
           99-73871 (Galloway)
           99-74262 (Aetna)
           99-73667 (Gabriel)
           98-74043 (Zuccarini)
           99-73239 (Aetna)
           99-73845 (Sunshine)
           99-73713 (D'Esposito)
           99-74377 (Glover)
           99-73190 (Sams)
           99-73345 (Sizemore)
           99-73981 (Eirich)
           99-73666 (United Wisc.)
           01-70490 (Ross)
           01-71835 (State of
                New York,
                et al. )
_____/

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART (1) ATTORNEY GORDON BALL'S MOTION FOR A STAY OF EXECUTION OF SEPTEMBER 9, 2005 ORDER PENDING APPEAL ABSENT BOND, WITH POSTING OF LETTER OF CREDIT, OR ALTERNATIVELY, WITH POSTING OF A SUPERSEDEAS BOND [873]; AND (2) PLAINTIFFS' CROSS MOTION FOR A SUPERSEDEAS BOND [876]**

Now before the Court are cross motions, one filed by Attorney Gordon Ball and the other filed by Plaintiff States[1] and State Law Plaintiffs ("Plaintiffs"), regarding Mr. Ball's request for a stay and the posting of a supersedeas bond while he appeals this Court's

---

[1] The Attorneys General of all fifty states, the District of Columbia, and Puerto Rico.

September 9, 2005 Order. In that Order, this Court determined that Plaintiffs are entitled to $255,683.10 under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1920(6). This amount reflects the additional costs incurred by the court-appointed expert, Rust Consulting, Inc., for administration of the Class Action Settlement Fund while Attorney Ball pursued his unsuccessful appeals. This Court further determined that Attorney Gordon Ball, rather than his elderly client, should be responsible for payment of the $255,683.10 in light of Attorney Gordon Ball's decision to pursue the appeals without posting a court-ordered appeal bond. This Court GRANTS IN PART and DENIES IN PART the parties' cross-motions concerning the posting of a supersedeas bond.

**I. Analysis**

Attorney Ball's motion argues for an order staying execution of this Court's September 9, 2005 Order either: (1) without any supersedeas bond; or (2) with the posting of a letter of credit, in the full amount of $255,683.10, plus interest, and reasonable costs, or a full supersedeas bond. Plaintiffs do not oppose a stay if Attorney Ball posts a supersedeas bond that sufficiently protects their interests. Plaintiffs argue that, pursuant to Fed. R. Civ. P. 62(d), this Court should require Attorney Ball to post a supersedeas bond, within 10 days from the date of the order, in the amount of $418,305.33, representing: (1) the full $255,683.10 owed Plaintiffs; (2) post-judgment interest in the amount of $14,497.23;[2] (3)

---

[2]This sum is based on: (1) 18 months of post-judgment interest, assuming a time frame similar to the previous appeal in this matter, at 3.78%, as allowed under 28 U.S.C. § 1961.

2

costs in the amount of $625 for copying and postage;[3] (4) $145,000 in attorneys' fees;[4] and (5) additional charges of $2,500 that will be incurred by Plaintiffs Consumer Fund if the supersedeas bond is held in that account until March 2007.

This Court agrees with Plaintiffs that Attorney Ball should post a full supersedeas bond before a stay issues under Rule 62(d). It disagrees with Plaintiffs, however, as to the amount of that bond and where it should be deposited. The Court begins by discussing the requirement that a full supersedeas bond be posted before a stay is issued.

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure,[5] if an appeal is pending, as it is here, a party may obtain a stay on a judgment if a supersedeas bond is posted. As expressly stated in Rule 62(d), the stay is "contingent upon the posting of a court approved supersedeas bond." *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

Rule 62(d) is designed to "preserve[] the status quo while also protecting the appellee's rights." *Id.* (citing *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)). "Because of Rule 62(d)'s dual protective

---

[3]This sum is based on the costs incurred in defense of a prior appeal in this matter.

[4]This amount reflects approximately 50% of the attorneys' fees incurred in connection with the prior appeal.

[5]Federal Rule of Civil Procedure 62(d) addresses stays on appeal and provides that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is appeal is approved by the court.

role, a full supersedeas bond should almost always be required." *Id.* Absent the appellant's convincing argument that "extraordinary circumstances" exist, the courts generally require that a full supersedeas bond be posted before a stay will issue under Rule 62(d). *Hamlin*, 181 F.R.D. at 353 (citing cases).

Similar to the appellant in *Hamlin*, Attorney Ball argues here that a supersedeas bond is unnecessary because he has the financial resources to pay the $255,683.10 judgment. Such assurances are insufficient to protect the judgment-creditor's interests. As the *Hamlin* Court observed:

> waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee. Waiving the bond requirement would deprive [the appellee] of his right to execute the judgment immediately, without providing him the protection to which he is entitled. Rule 62(d)'s bond requirement serves a substantial function in balancing the parties' interest and is not a mere formality that should be waived simply because the losing party has adequate funds to satisfy the judgment. Ideally, losing parties will always have sufficient funds to pay the award, but if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity.

*Id.* Moreover, to waive a bond based on Attorney Ball's argument that he has the financial resources to pay the $255,683.10 ignores his additional appellate argument that would result in his elderly client, rather than Ball, ultimately being held responsible for that $255,683.10 judgment. There is no assurance from Attorney Ball that his client has the financial resources to pay that Judgment should he lose on his first argument but succeed on the second. This Court is not convinced that it should depart from Rule 62(d)'s requirement that the appellant post a full supersedeas bond before a stay of judgment will issue.

The Court now considers the appropriate amount of the supersedeas bond. The

courts generally require that the amount of the bond include the full amount owed under the judgment, and anticipated appeal costs, post-judgment interest, and damages for delay caused by the appeal. *See Poplar Grove Planting*, 600 F.2d at 1191 (citing cases); *Fed. Deposit Ins. Corp. v. Wysong*, No. G85-482, 1988 U.S. Dist. LEXIS 18136, \*\*3-4 (W.D. Mich. Jan. 21, 1988). Contrary to Attorney Ball's arguments here, the courts do include reasonable attorneys' fees for the appeal in the amount of the supersedeas bond. *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 895 F. Supp. 83, 84-85 (E.D. Pa. 1995) (observing that if the appellee "is successful on appeal, it will be entitled to post-judgment interest and reasonable attorneys' fees expended in preparation of the appeal" and thus a supersedeas bond that failed to include such amounts was insufficient to protect the appellee who prevailed in the district court and had a valid, enforceable judgment). *Accord, Willow Inn, Inc. v. Public Service Mut. Ins. Co.*, NO. CIV.A.00-CV-5481, 2002 WL 922144, \* 3 (E.D. Pa. Apr. 11, 2002), *aff'd in part and rev'd in part on other grounds*, No. 02-2145, 66 Fed. Appx. 398 (3d Cir. May 20, 2003). Accordingly, to adequately afford Plaintiffs sufficient protection should Attorney Ball's appeal prove to be unsuccessful, this Court determines that Attorney Ball must post a supersedeas bond in the amount of $320,805.33, representing: (1) the full amount of the $255,683.10 judgment; (2) $14,497.23 reflecting post-judgment interest for 18 months, a similar time frame as that in the prior appeal in this matter; (3) $625.00 in copying and postage costs; and (4) $50,000 in attorneys' fees.[6] The supersedeas bond shall be filed within 10 days of the date of this Order in accordance with

---

[6]This is a reduction from the $145,000 requested by Plaintiffs. The reduced amount recognizes that the issue involved in this appeal is far narrower than that involved in Mr. Ball's earlier appeals.

the procedures followed in the United States District Court for the Eastern District of Michigan.[7]

## II. Conclusion

For the foregoing reasons, Attorney Ball's and Plaintiffs' cross motions are GRANTED IN PART and DENIED IN PART.

This Court's September 9, 2005 Order shall be stayed if Attorney Ball posts a supersedeas bond in the amount of $320,805.33, pursuant to this Court's direction, within 10 days from the date of this Order.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager

---

[7]This Court rejects Plaintiffs' request that it require Attorney Ball to deposit the bond amount into an escrow account created in the settlement of the above action. Plaintiffs have not convinced the Court that it should deviate from standard procedures for depositing bond amounts. As a result of this decision, there is no need for the additional charges of $2,500 that Plaintiffs estimated would be incurred by depositing the supersedeas bond in its Consumer Fund escrow account.