**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


| | |
|---|---|
| IN RE: CARDIZEM CD ANTITRUST LITIGATION ) | MASTER FILE NO. 99-MDL-1278 |
| ) | |
| _____ ) | HON. NANCY G. EDMUNDS |


**PLAINTIFFS' COMBINED MOTION TO DISTRIBUTE THE**
**RESIDUAL SETTLEMENT FUNDS ON A CY PRES BASIS**

**AND**

**BRIEF IN SUPPORT OF MOTION**


Plaintiff States[1] and State Law Plaintiffs ("Plaintiffs") hereby move the Court to authorize distribution of the residual of the Consumer Settlement Fund – approximately $283,000 – on a cy pres basis nationwide. As set forth below, Plaintiffs propose to retain an outside firm, Cypresfunds, to solicit, review, and implement proposals, subject to the review and approval of Plaintiff States and the Court.

The settlement in this action became effective after the Sixth Circuit dismissed the only appeal from the Court's final approval Order in December 2004, and after the United States Supreme Court denied a petition for certiorari to review the Court of Appeals' ruling in May 2005. *See In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004), *cert. denied sub nom. Sams v. Hoechst Aktiengesellschaft*, 544 U.S. 1049 (2005); Order No. 76 (Oct. 10, 2003) (final approval). Thereafter, the Court authorized Plaintiffs to distribute the Consumer

---

[1] The Attorneys General of all fifty states, the District of Columbia, and Puerto Rico.

Settlement Fund, consisting of approximately $21,384,000, to over 76,000 consumer-claimants, who paid for Cardizem CD® and/or its generic equivalents. Order Granting Plaintiffs' Motion to Distribute Settlement Funds to Consumers (May 31, 2005) (the "Distribution Order"); *see also* Plaintiffs' Motion to Distribute Settlement Funds to Consumers, dated May 23, 2005, and the accompanying moving affidavit of Matthew B. Potter, sworn to May 23, 2005; Order No. 76, I.D.2.[2]

The Consumer Settlement Fund was distributed as planned.  The residue of $283,000 results from uncashed settlement checks and accrued interest on the account balance.  Plaintiffs worked to minimize the amount remaining from uncashed checks.  The settlement administrator, Rust, forwarded checks to new addresses received from the post office, and tried to find the intended recipients of the checks that were undeliverable.  If a claimant passed away, checks were re-issued and re-sent to the claimant's estate.  Checks that were lost were replaced.  At this point, however, Plaintiffs have exhausted the reasonable means to track down claimants who did not cash their checks.

Thus, there are no checks outstanding, and no further amounts to be paid to Rust for settlement administration.  Distributing the residual amount is all that is left to be done.

The Settlement Agreement itself, and the Agreement's Consumer Distribution Plan, recognized this contingency.  The Settlement Agreement states expressly that if funds remain after the consumer distribution, the money "shall be distributed in a manner and on terms and conditions determined by the Court," which "may include . . . a *cy pres* distribution . . . to benefit

---

[2]  The "Consumer Settlement Fund" is a fixed portion of Net Settlement Fund, which comprises the $80 million Aggregate Settlement Fund, less certain fees and expenses.  *See* Settlement Agreement I.V.

the health care needs of users of Cardizem® CD Products."  Settlement Agreement ¶ III.G, dated January 24, 2003.  *See also* Summary Outline of Consumer Distribution Plan (Attachment E ¶2, to Settlement Agreement) ("the remaining amount will be distributed in a manner and on terms and conditions determined by the Court").  Accordingly, we now apply to the Court to distribute these funds on a cy pres basis.

The residual funds are relatively modest in amount, representing roughly 1.3% of the total consumer distribution.  To maximize their potential impact, while at the same time minimizing transaction costs, Plaintiff States propose to distribute the funds through a national notice, application and selection process.  To accomplish this, Plaintiffs seek to retain Cypresfunds to assist in the endeavor. Cypresfunds was "established to assist the courts and counsel distribute cy pres funds in a fair, equitable and efficient manner and to facilitate eligible non-profit private groups and public agencies in applying for grants from cy pres funds." http://www.cypresfunds.net.  The firm has expertise in "cy pres relief, philanthropic best practices," including "grant review, recommendations and monitoring."  *Id*.  The Attorney General of California has retained Cypresfunds for distributing funds cy pres and highly recommends the firm.

We have negotiated a proposed agreement with Cypresfunds under which the firm will, among other things: (1) identify criteria to select grant recipients; (2) prepare a public Notice of Grants Availability and Request for proposals, as well as an Application for Funds and Proposals for use by interested organizations; (3) develop appropriate methods to disseminate the Notice and Application; (4) receive and review the resulting Applications for grants, and make a

recommendation to Plaintiff States, who will themselves select the grant recipients;[3] (5) prepare grant documents for execution by those selected as grant recipients; and (6) obtain reports from grant recipients to monitor funded work.  Cypresfunds' work will, of course, be performed in consultation with the Plaintiff States.

Cypresfunds is prepared to provide its services for a fee of $15,000, which will cover all activity and expenses other than non-local travel and publication expenses.  Any non-local travel or publication expense will be subject to approval by the Plaintiff States, and all amounts payable to Cypresfunds will be subject to such approval as the Court may direct.  Our proposed engagement letter also provides that payment to Cypresfunds will await the selection of the grant recipients themselves, and their entry into grant documents.  The firm's payment will be made from the residual funds available for distribution.  The proposed Engagement Letter with Cypresfunds, together with its Scope of Work, are attached as Exhibits 1 and 2, respectively.

Our Scope of Work projects that, once Cypresfunds is retained, roughly seven to eight months will be needed to reach the point of distributing the residual funds to the selected grant recipients.  Once the process is complete, Plaintiffs will report back to the Court.

Accordingly, Plaintiffs respectfully request that the Court grant their motion to distribute the residual settlement fund.

Dated: July 18, 2008

---

[3]  We envision Cypresfunds making grant recipient recommendations that exceed the total amount of the available funds to be distributed.  Thus, the Plaintiff States will need to evaluate the recommendation with a view to approving less than all the proposed grant recipients, or to reducing amounts provided, or both.

Respectfully submitted,

MICHAEL COX                                ANDREW M. CUOMO
ATTORNEY GENERAL FOR THE                   ATTORNEY GENERAL FOR THE
STATE OF MICHIGAN                          STATE OF NEW YORK


s/ Jay Himes w/ consent of                 s/ Jay Himes
 D.J. Pascoe                               Jay Himes
Special Litigation Division                Bureau Chief, Antitrust
525 W. Ottawa Street                       Robert Hubbard
P.O. Box 30755                             Director of Litigation
Lansing, Michigan 48909                    Office of the Attorney General for the
(517) 373-1123 (phone)                     State of New York
(517) 373-9860 (fax)                       120 Broadway
pascoedj@michigan.gov                      New York, New York 10271-0332
                                           (212) 416-8282 (phone)
                                           (212) 416-6015 (fax)
                                           jay.himes@oag.state.ny.us


**Co-Lead Counsel for Plaintiff States**   **Co-Lead Counsel for the Plaintiff States**



s/ Jay Himes w/ consent of                 s/Jay Himes w/ consent of
Peter St. Phillip, Jr.                     Joseph Tabacco
Stephen Lowey                              Joseph J. Tabacco
Richard W. Cohen                           BERMAN DEVALERIO PEASE
Peter D. St. Phillip, Jr.                  TABACCO BURT & PUCILLO
LOWEY DANNENBERG COHEN                     425 California Street
& HART, P.C.                               San Francisco, CA 94104
One North Broadway                         (415) 433-3200 (phone)
White Plains, NY 10601-2301                (415) 433-6382 (fax)
(914) 997-0500 (phone)                     jtabacco@bermanesq.com
(914) 997-0035 (fax)
slowey@lowey.com
rcohen@lowey.com


**Co-Lead Counsel for State Law Plaintiffs**   **Co-Lead Counsel for State Law Plaintiffs**

5

## Certificate of Service

I hereby certify that on July 18, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to those of the attorneys below who have registered in the Court's ECF system, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Joe Rebein, Esq.
SHOOK, HARDY & BACON
One Kansas City Place
1200 Main Street
Kansas City, MO 64105
jrebein@shb.com

Louis M. Solomon, Esq.
PROSKAUERROSE
1585 Broadway, Suite 1
New York, NY 10036
lsolomon@proskauer.com

Elwood S. Simon, Esq.
ELWOOD S. SIMON & ASSOCIATES
355 South Old Woodward Ave., Suite 250
Birmingham, MI 48009

Douglas H. Patton, Esq.
DEWSNUP KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, UT 84111

Bruce E. Gerstein, Esq.
Barry Taus, Esq.
GARWIN BRONZAFT GERSTEIN & FISHER, LLP
1501 Broadway
New York, NY 10036
bgerstein@gbgf-law.com

6

Richard B. Drubel, Esq.
BOIES, SCHILLER & FLEXNER, LLP
26 South Main Street
Hanover, NH 03755
rdrubel@bsfllp.com

Steve D. Shadowen, Esq.
SCHNADER SEGAL & LEWIS
30 North Third Street, Suite 700
Harrisburg, PA 1701-1713

Heather Stewart, Esq.
David L. Douglas,  Esq.
PORTER WRIGHT MORRIS & ARTHUR
1919 Pennsylvania Avenue, NW
Washington, DC 20006- 3434

Scott E. Perwin, Esq.
Kenny Nachwalter Seymour Arnold
Critchlow & Spector,  PA
100 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131-4327
sep@kennynachwalter.com

Norman C. Ankers
HONIGMAN MILLER SCHWARTZ & COHN
32270 Telegraph Rd., Suite 225
Bingham Farms, MI 48025-2457
Nankers@honigman.com

Stuart E. Des Roches, Esq.
ODOM & DES ROCHES, LLP
650 Poydras St., Suite 2020
New Orleans, LA 70130
stuart@odrlaw.com

Ann L. Andrews, Esq.
HONIGMAN MILLER SCHWARTZ & COHN
222 N. Washington Square, Ste. 400
Lansing, MI 48933-1800
Aandrews@honigman.com

Craig L. John
DYKEMA GOSSETT PLLC
39577 North Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-2820
cjohn@dykema.com

Dated: July 18, 2008

s/Jay L. Himes
Jay L. Himes
Bureau Chief, Antitrust
Office of the Attorney General for the
State of New York
120 Broadway
New York, New York 10271-0332
(212) 416-8282 (phone)
(212) 416-6015 (fax)
jay.himes@oag.state.ny.us